BARHAM, Justice
(concurring).
The comments of the Louisiana State Law Institute under R.S. 13 :3201 state that this statute and those immediately succeeding it were adopted “ * * * to permit the courts of this state to tap the full potential of jurisdiction in personam over nonresidents * * * ”, Therefore this
court in applying and interpreting the “long arm” statutes need look generally only to whether or not in personam jurisdiction in a particular case violates constitutional due process for the particular defendant.
While R.S. 13:3201(d) lays out the guidelines for jurisdiction in cases involving injury or damage suffered in this state from a delictual act occurring in another state,, in determining jurisdictional due process, in products liability cases we should look at the totality of the circumstances. Because the Legislature intended to tap the full potential of jurisdiction over nonresidents, many ingredients not particularly enumerated within Subsection (d) may be considered in determining whether this-state has sufficient interest in the case-for offering our forum to the plaintiff and whether the defendant has in some manner sufficiently made contact with this, forum so that subjecting him to our jurisdiction does not constitute a denial of due-process. Some of these considerations are: Which forum will offer the best facility for disposition of the issue ? Which forum will cause the least harm in totality ? What, is the nature and quality, rather than only the quantity, of the defendant’s contact?' What is the degree of foreseeability that the non-resident’s product would be distributed within our borders? What is the ease of association of the delictual act out of state and the injury or damage-suffered in this jurisdiction? See Comment, 33 Fordham L.Rev. 671.
I fully concur with the majority result.. However, I am not at this point willing to' grant or deny jurisdiction in products liability cases simply on the basis of the: dollar-and-cent benefit derived through, the non-resident’s “contact” or to limit that, contact so that it must be a personal, pur *762 poseful contact. Our statute’s intent and the due process requirement can both be satisfied when our consideration of the totality of circumstances guarantees that jurisdiction of the non-resident will be exercised only when the non-resident should have foreseen that residents of this forum could suffer injury or damage from the use of his products in this forum.
I respectfully concur.